IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL NO. 5:12CV169-RLV
(5:03CR4-RLV-20)

| | |
|---|---|
| PHILLIP TYRONE MORRISON, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on its own motion with regard to Petitioner's Motion to Vacate, Set Aside, or Correct Sentence filed under 28 U.S.C. § 2255, (Doc. No. 1), and on Respondent's Motion for an Extension of Time to File a Response to Petitioner's Motion to Vacate, (Doc. No. 9). For the reasons that follow, the Court finds that this is an unauthorized, successive petition, and the Court therefore dismisses the Motion to Vacate. Because the Court is dismissing the motion to vacate, the Court will deny Respondent's motion for extension of time as moot.

### I.  BACKGROUND

On July 22, 2004, Petitioner was convicted after a jury trial of conspiracy to possess with intent to distribute cocaine and cocaine base, in violation of 28 U.S.C. §§ 846, 851; possessing with intent to distribute cocaine base and aiding and abetting, in violation of 21 U.S.C. §§ 841, 851, and 18 U.S.C. § 2; and using and carrying a firearm during and in relation to a drug trafficking crime and aiding and abetting, in violation of 18 U.S.C. §§ 924(c), 2. (Crim. Case No. 5:03-cr-4-20, Doc. No. 365: Jury Verdict; Doc. No. 477: Judgment). Petitioner was sentenced to life on each of Counts One and Six, to be served concurrently, and sixty months

imprisonment on Count Seven, to be served consecutively to Counts One and Six, for a total term of life plus sixty months imprisonment. (Id., Doc. No. 477: Judgment). On July 19, 2006, the Fourth Circuit Court of Appeals affirmed Petitioner's conviction and sentence. United States v. Martinez, 190 Fed. App'x 321 (4th Cir. 2006).

On August 13, 2007, Petitioner filed a Section 2255 motion to vacate, which this Court denied and dismissed on September 7, 2010. (Crim. Case No. 5:03-cr-4-20, Doc. Nos. 737; 859: Civil No. 5:07-cv-90). On November 7, 2012, the Fourth Circuit dismissed Petitioner's appeal of the Court's Order denying the motion to vacate. United States v. Morrison, 487 Fed. App'x 104 (4th Cir. 2012).

On November 8, 2012, Petitioner filed the pending Section 2255 motion to vacate. (Doc. No. 3). Along with the motion to vacate, Petitioner sought alternative relief under 28 U.S.C. § 2241, and under the writs of error coram nobis and audita querela. On November 13, 2012, after conducting an initial screening, this Court ordered the Government to respond to the pending motion to vacate and Petitioner's alternative claims for relief. (Doc. No. 4). On January 23 2013, Petitioner voluntarily dismissed his claims for alternative relief, thus leaving only the Section 2255 motion to vacate. On February 19, 2013, Respondent filed a motion for extension of time to file a response, which motion is pending before this Court. (Doc. No. 9).

## II. DISCUSSION

Petitioner filed the instant Motion to Vacate on November 8, 2012, seeking to have the Court vacate his conviction and sentence in Criminal Case No. 5:03-cr-4-20. As noted, Petitioner filed a previous motion to vacate the same conviction and sentence on August 13, 2007. Thus, this is the second Section 2255 petition filed by Petitioner challenging the conviction and sentence in Criminal Case No. 5:03-cr-4-20.

Pursuant to 28 U.S.C. § 2244(b)(3)(A), "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." Thus, Petitioner must first obtain an order from the Fourth Circuit before this Court will consider any second or successive petition under 28 U.S.C. § 2255. Petitioner has not shown that he has obtained the permission of the Fourth Circuit to file a successive petition. See also 28 U.S.C. § 2255(h) (stating that "[a] second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals"). Accordingly, this unauthorized, successive petition must be dismissed. See Burton v. Stewart, 549 U.S. 147, 153 (2007) (holding that failure of petitioner to obtain authorization to file a "second or successive" petition deprived the district court of jurisdiction to consider the second or successive petition "in the first place"). Accord Everette v. United States, 5:04-cv-358, 2012 WL 4486107 (E.D.N.C. Sept. 28, 2012) (dismissing a § 2255 motion as a successive petition where the petitioner raised a claim under United States v. Simmons, 649 F.3d 237 (4th Cir. 2011)).

### III. CONCLUSION

For the foregoing reasons, the Court will dismiss Petitioner's Section 2255 Motion to Vacate for lack of jurisdiction because the motion is a successive petition and Petitioner has not first obtained permission from the Fourth Circuit to file the motion. Because Petitioner has voluntarily dismissed his alternative claims for relief, this entire action will be dismissed.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate, (Doc. No. 1), is **DISMISSED** as a successive petition. Because Petitioner has voluntarily dismissed his alternative claims for relief, this entire action is **DISMISSED**.

2. Respondent's Motion for Extension of Time, (Doc. 9), is **DENIED** as moot.

3. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller-El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

Signed: February 21, 2013

Richard L. Voorhees
United States District Judge